†Mabel C. Swartz et al. v. Jane Steel et al.

WHEN WRITING AND PART PERFORMANCE TAKE CASE OUT OF STATUTE OF FRAUD.

A verbal agreement to adopt a child was faithfully carried out, but the statutory adoption was delayed until she was of age, and then a formal adoption by petition and entry was made in the probate court: *Held*, though void, the writing and part performance take the case out of the statute of fraud and the adopted daughter became the heir.

ERROR to the Court of Common Pleas of Wayne county.

JENNER, J.

In 1850, Robert Carnahan and wife resided in Medina county; he was a farmer and childless. Ruth Teagle, an unmarried English woman, about that time came into the neighborhood with an infant daughter two years old. Carnahan and wife proposed to take the child, adopt it as their own, make it their heir upon condition that the mother would relinquish all claim to it, and conceal her relationship, but with the privilege of visiting the child as its Aunt Ruth. This

---

†This judgment was reversed by the Supreme Court and that of the common pleas affirmed on authority of Shahan v. Swan, 48 O. S., 25; no further report, 55 O. S., 685.

proposition was accepted by the mother, the child delivered to the Carnahans, and the agreement faithfully performed on her part.

Robert Carnahan wrote the name of the child in the bible, as Sarah Ann Carnahan, with the date of her birth, followed by the words "adopted on the —— day of ——, 18—."

In 1852, Carnahan and wife moved to Wayne county with the child, purchased a farm, and resided there until their death. They held the child out as their daughter, treated her in all respects as such, and she was an obedient and faithful daughter to them.

In 1865, John M. Swartz, the father of the plaintiffs in error, then an unmarried man, taught the country school in Carnahan's district. Sarah Ann attended the school, and he became intimately acquainted with her and her adopted parents, visiting them frequently until August, 1869, when he requested her hand in marriage, never having had an intimation that she was not their daughter. Then for the first time Robert Carnahan informed Mr. Swartz and Sarah Ann that she was not their daughter, but was the daughter of "Aunt Ruth;" that he had agreed to adopt her and make her his heir; that he had delayed doing this too long, but if Mr. Swartz, after knowing these facts, still wanted to marry Sarah Ann, they would all go to Wooster together, and Carnahan and wife would adopt her, so that she should be their heir, and then they would consent to the marriage. This was assented to, and on August 3, 1869, Carnahan and wife and Sarah Ann, together with Swartz and his father, went to the probate judge in Wooster, informed him what they desired to accomplish, and they acted under his advice without consulting other counsel. The probate judge prepared for them a formal petition for the adoption of Sarah Ann, which was signed by Robert Carnahan and his wife Eliza A. Carnahan; Sarah Ann also, as respondent, gave her written consent, and the judge entered the adoption at length on his journal, providing, among other things, that Sarah Ann should be "the daughter and legal heir of Robert Carnahan and Eliza A. Carnahan." This all took place in the presence of the five persons above named. On August 5, 1869, Robert Carnahan made application for marriage license for his daughter and John M. Swartz, and they were married on the same day at his house.

This proceeding was acted upon and treated as a valid adoption by all the parties in pursuance of the agreement entered into between Carnahan and Ruth Teagle, the mother of Sarah Ann, and was supposed to be legally valid during the lifetime of Carnahan and wife and Sarah Ann.

December 7, 1879, Sarah Ann, the wife of John M. Swartz, died, leaving three minor children, Mable C., Samuel R. and Anna M.Swartz, the plaintiffs in error herein. After the death of the mother, the children were taken by Robert Carnahan and his wife to their home, and remained there about ten years, as their grandchildren, the children of their daughter, Sarah. Carnahan often spoke of them as such to his neighbors, and that the farm in dispute, upon which he resided, at his death would go to these grandchildren.

In 1881, the wife of Robert Carnahan died, and in 1888 he died. No children were born to them. He died seized of the real estate described in the petition.

The collateral heirs of said Robert Carnahan after his death filed a petition for partition of said real estate in the court of common pleas of Wayne county, as his next of kin. The said children of Sarah Ann Swartz filed their answer and cross-petition, setting forth the facts, and averring by reason of the facts as above stated, that they are the owners in fee simple of said real estate, and praying for partition.

The court of common pleas found in favor of the collateral heirs of said Robert Carnahan, and ordered partition as prayed for by them, and, dismissed the answer and cross-petition of the plaintiffs in error:

The evidence is all embodied in a bill of exceptions, and it is assigned for error that the finding, order and judgment of the court is contrary to the law and the evidence.

The proceedings for the adoption of Sarah Ann were not effectual for that purpose. She was not then a minor, but was over twenty years old. The intention of the parties is clearly expressed, and was acted upon in good faith. Carnahan and wife and Sarah Ann died, believing that what had been done in the probate court supplemented the verbal contract that had been made with Ruth Teagle, and that the plaintiffs in error were the lawful heirs of Robert Carnahan. If this court is not permitted to look into these proceedings for any purpose, we would be forced to the conclusion that the court of common pleas did not err in its holding. The facts would then seem to bring the case within the rule laid down by the Supreme Court in *Shahan* v. *Swan*, 48 O. S., 25. But here is a petition signed by Carnahan and wife clearly disclosing their intention to make Sarah Ann their heir; also, a writing signed by Sarah Ann consenting to this arrangement. It was in pursuance of the agreement made eighteen years before with Ruth Teagle, the mother, and also with Swartz, the husband, just prior to the marriage. It seems to us, it is such a writing as may be considered to ascertain the intention of the parties, and in connection with other evidence in the record, takes the case out of the operation of the statute of frauds.

If an undelivered deed, exhibited as partial evidence of a contract to sell lands, takes a case out of the operation of the statute, as held in *Thayer* v. *Luce & Fuller*, 22 O. S., 62, the reason would seem to be not less cogent for holding that a petition signed by the parties, and a journal entry authorized, believed to be valid and so treated during the lives of all the parties to it, should have that effect.

We conclude from the facts that Sarah Ann Swartz was the legal heir of Robert Carnahan, and that the plaintiffs in error are the owners in fee simple of the real estate described in their answer and cross-petition, and an order of partition will be entered as prayed for by them.

*John M. Swartz* and *John McSweeney*, for plaintiffs.

*McClure & Smyzer*, for defendants.